## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ENRIQUE MORENO SANTOYO,    )
    )
    Petitioner,    )    No. 3:26-cv-01036
    )
v.    )    Chief Judge Cathy Bissoon
    )
LEONARD ODDO, et al.,    )
    )
    Respondents.    )

## MEMORANDUM ORDER

Pending before the Court is Petitioner Enrique Moreno Santoyo's Petition for Writ of Habeas Corpus (Doc. 1) (the "Petition" or "Pet."). Petitioner currently is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement, at the Moshannon Valley Processing Center in Phillipsburg, Pennsylvania. Petitioner alleges an entry date into the United States approximately twenty-five years ago, and that Petitioner has resided continuously in the United States since then. Petitioner was placed into immigration detention on or around May 27, 2026. There is no indication that Petitioner has any criminal convictions.

The Petition asserts, *inter alia*, that Petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2). Respondents oppose relief by relying upon decisions by the Courts of Appeals for the Fifth and Eighth Circuits to argue that mandatory detention is authorized under § 1225(b)(2)(A). The Court has considered and rejected Respondents' interpretation of § 1225(b)(2)(A), instead joining the Courts of Appeals for the Second, Sixth and Eleventh Circuits in holding that this mandatory detention provision only applies to noncitizens apprehended upon entry into the country or shortly thereafter. *See, e.g.*, Tejeda Perez v. Oddo, No. 3:26-cv-00745, Order (Doc. 8), at 5

(W.D. Pa. May 28, 2026); *see also* Cunha v. Freden, 175 F. 4th 61, 69, 74-75 (2d Cir. 2026);

Lopez-Campos v. Raycraft, 175 F.4th 713, 721-24 (6th Cir. 2026); Hernandez Alvarez v.

Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1275-76 (11th Cir. 2026).

**AND NOW**, this 19th day of June, 2026, **IT IS HEREBY ORDERED** that Petitioner's

Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent that it requests a bond

hearing in accordance with 8 U.S.C. § 1226(a) and all related provisions of law.  Respondents are

**ORDERED** to provide Petitioner with such a hearing, or release him, on or before June 25,

2026.  On or before July 2, 2026, Respondents shall provide notice to the Court confirming that

Petitioner received a compliant bond hearing and apprising the Court of the bond hearing's

outcome.  The petition is **DENIED** to the extent it requests any additional relief without

prejudice to renewal, as appropriate and necessary.  **IT IS FURTHER ORDERED** that any

motion for fees or costs shall be submitted on or before July 9, 2026, with responses, if any, due

14 days following that motion.

June 18, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):
All Counsel of Record

2