## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ENRIQUE MORENO SANTOYO,    )
    )
    Petitioner,    )    No. 3:26-cv-01036
    )
    v.    )    Chief Judge Cathy Bissoon
    )
LEONARD ODDO, et al.,    )
    )
    Respondents.    )

### MEMORANDUM ORDER

Pending before the Court is Petitioner Enrique Moreno Santoyo's Emergency Motion to Enforce Habeas Judgment and for Immediate Release. (Doc. 12). Petitioner is a noncitizen detained at the Moshannon Valley Processing Center in Philipsburg, Pennsylvania. On June 18, 2026, the Court granted Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) to the extent that it requested a bond hearing in accordance with 8 U.S.C. § 1226(a) and all related provisions of law. (Doc. 10). Petitioner received an individualized bond hearing before an Immigration Judge ("IJ") on June 25, 2026, in accordance with the Court's Order, after which the IJ denied Petitioner's bond based on a finding that Petitioner had failed to establish that he was not a flight risk. *See* Doc. 12-1.

The Motion to Enforce argues that the June 25, 2026 bond hearing violated Petitioner's Fifth Amendment due process rights because: (1) the IJ improperly shifted the burden of proof to Petitioner to prove he was not a flight risk; and (2) the short length and "assembly-line" nature

1

of the proceeding deprived Petitioner of procedural due process.  *See* Doc. 12.  The government opposes the Motion.  (Doc. 15).[1]  After careful review, Petitioner's Motion will be denied.

The Court reminds Petitioner that it "does not sit as a plenary tribunal conducting *de novo* reviews of [IJ] bond decisions"  Chajchic v. Rowley, No. 1:17-CV-457, 2017 WL 4401895, at *4 (M.D. Pa. July 25), report and recommendation adopted, 2017 WL 4387062 (M.D. Pa. Oct. 3, 2017); *see* 8 U.S.C. § 1226(e) (divesting district courts of jurisdiction to review an IJ's discretionary decision-making with respect to bond).  Rather, federal courts "lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision" and may only "review whether the bond hearing was fundamentally unfair" such that it violated the detainee's due process rights.  Ghanem v. Warden, No. 21-1908, 2022 WL 574624 (3d Cir. Feb. 25, 2022).  A bond hearing under Section 1226(a) is "fundamentally fair," and, thus satisfies due process, if three essential elements are met:  (1) factfinding based on a record produced before the decisionmaker and disclosed to the detainee; (2) the detainee is allowed to make arguments on their behalf; and (3) the IJ makes an individualized determination of the detainee's interests."  Id.; *see also* Quinteros v. Warden, 784 F. App'x 75, 78 (3d Cir. 2019); Maximous v. Bondi, 3:26-cv-00451, Doc. 17 (W.D. Pa. Apr. 20, 2026) (Wiegand, J.).

Petitioner's arguments fail to establish a due process violation.  First, Petitioner miscites German Santos v. Warden, 965 F.3d 203 (3d Cir. 2020), as supplying the appropriate burden of

---

[1] In addition to disputing Petitioner's substantive arguments, the government argues that the Motion to Enforce fails for failure to exhaust administrative remedies and that Petitioner must appeal his bond denial to the Board of Immigration Appeals.  Doc. 15 at 2-3.  The government at the same time recognizes, however, that courts in this district have excused exhaustion in similar circumstances.  *See* id. at 3 n.1 (citing cases).  To the extent the exhaustion doctrine applies here, which is doubtful, the Court similarly concludes that it does not bar review of Petitioner's due process claims.  *See* Niangane v. Noem, No. 3:25-CV-00488, 2026 WL 916344, at *2 (W.D. Pa. Feb. 11, 2026).

proof.  Although German Santos places the burden on the government to prove by clear and

convincing evidence that a detainee is either a danger to the community or a flight risk, the

holding applies to prolonged mandatory detention cases under Section 1226(c), not to

discretionary bond hearings under 1226(a).  *See* id. at 210.  In 1226(a) cases such as this, the

burden remains on the detainee at all times.  *See* Borbot v. Warden Hudson Cnty. Corr. Facility,

906 F.3d 274, 279 (3d Cir. 2018); Modebadze v. Soto, No. CV 26-1687 (MAS), 2026 WL

1067835, at *1 (D.N.J. Apr. 17, 2026).[2]

Second, the Court cannot meaningfully review the underlying bond proceedings for

fundamental fairness on the record as it stands, particularly given that a recording or a written

transcript of the hearing was not provided.  *See, e.g.*, Stanikzai v. McShane, 3:26-cv-00417, Doc.

17 (W.D. Pa. Mar. 23, 2026) (Wiegand, J.) (denying motion to enforce without prejudice where

petitioner failed to provide a recording or transcript of the hearing, leaving the court unable to

determine whether the hearing was fundamentally fair); Niangane v. Noem, No. 3:25-CV-00488,

2026 WL 916344, at *3 (W.D. Pa. Feb. 11, 2026) (Haines, J.) (noting evidentiary difficulties

inherent when the hearing transcript is not of record).  Even accepting counsel's representation

that the hearing lasted seven minutes, the length of the hearing alone is not dispositive.

Petitioner admits that he was represented by counsel at the hearing and that, during the

proceedings, the IJ reviewed the evidence and argument regarding Petitioner's 25 years of United

States residence, substantial family ties and qualified bond sponsor.  *See* Counsel Decl. (Doc. 12-

---

[2] The Court makes no ruling as to whether Petitioner's continued detention could implicate the
due process concerns at issue in German Santos in the future.  Given that Petitioner here has been
detained only slightly more than two months, a due process challenge to the length of his
confinement is premature.  *See* Brooks v. Oddo, No. CV 3:26-891, 2026 WL 1815275, at *2
(W.D. Pa. June 24, 2026) (Fischer, J.) (citing Borbot, 906 F.3d at 280).
.

1).  The Order of the IJ indicates that he evaluated all relevant factors, "both positive and negative," and provided the reasons for his decision orally on the record.  *See* Doc. 12-1, Ex. E. Without more, the Court cannot conclude that the IJ failed to make an individualized determination of Petitioner's interests as presented.  As set forth above, the Court is without jurisdiction to reweigh the evidence or second-guess the IJ's findings.

Accordingly, this 31st day of July, 2026, **IT IS HEREBY ORDERED** that Petitioner's Emergency Motion to Enforce Habeas Judgment and for Immediate Release (Doc. 12) is **DENIED WITHOUT PREJUDICE**.

July 31, 2026                                    s/Cathy Bissoon
                                                 Cathy Bissoon
                                                 Chief United States District Judge

cc (via ECF email notification):
All Counsel of Record

4